UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 14-738-R (KK) | Date | March 4, 2015 |
|---|---|---|---|
| Title | LAWRENCE McMILLAN v. SHERIFF STANLEY SNIFF, et al. | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Denying Defendant's Motion to Dismiss Without Prejudice

On December 12, 2014, Plaintiff Lawrence L. McMillan, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a Fourth Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983, suing Riverside County and its Sheriff, Stanley Sniff. On December 31, 2014, Defendant Sniff filed a Motion to Dismiss ("Motion") all claims against him. For the reasons that follow, the Motion is denied without prejudice.

# I.
# BACKGROUND

## A.     Plaintiff's Allegations

The FAC challenges the conditions of confinement while Plaintiff was held at Robert Presley Detention Center ("RPDC") in Riverside, California, from January 24, 2014, through January 27, 2014.[1] ECF No. 38 at 2-3. Plaintiff alleges that, due to overcrowding at RPDC, he did not have a bed and was forced to lie on the facility's concrete floor. Id. at 5. Plaintiff alleges the conditions at RPDC violated his rights under the Eighth Amendment and California tort law, and he requests damages. Id. at 6, 9.

---

[1] Plaintiff's four previous complaints in this case were dismissed, with leave to amend, for alleging insufficient facts to state a claim against any defendant. ECF No. 36 at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-738-R (KK) | Date | March 4, 2015 |
|---|---|---|---|
| Title | LAWRENCE McMILLAN v. SHERIFF STANLEY SNIFF, et al. | | |

Plaintiff names two defendants. Plaintiff sues Riverside County, which Plaintiff alleges is liable as the "official policy maker[] for" RPDC. Id. at 3. Plaintiff also sues Stanley Sniff, the Sheriff of Riverside County, in his individual capacity. Id. Plaintiff alleges Defendant Sniff is liable as a supervisor because (1) he is responsible under California law "for operating jails in Riverside County"; (2) he knew the County had a duty to provide proper bedding to inmates; and (3) he failed to train, supervise, and control custodial personnel to ensure inmates had appropriate bedding, thus causing Plaintiff's injury. Id. at 3, 8-9.

**B.    Motion to Dismiss**

On December 31, 2014, Defendant Sniff filed the instant Motion. Defendant Sniff argues Plaintiff's claims against him should be dismissed because Plaintiff "pleads no facts to show Sniff had any personal involvement whatsoever in Plaintiff's confinement." ECF No. 40 at 5. Rather, Defendant Sniff argues, Plaintiff "merely pleads that Sniff is liable because he is the highest-ranking official in the Sheriff's Department and therefore is responsible for the jails." Id. Defendant Sniff argues Plaintiff's "broad, conclusory assertions that Sniff is liable because he was in charge of the jails" are "not enough" to state a claim. Id. at 7.

On January 9, 2015, Plaintiff filed an Opposition to the Motion ("Opposition"). On January 22, 2015, Plaintiff filed a request for judicial notice, asking the Court to consider, in deciding Defendant Sniff's Motion, a stipulated permanent injunction ("Stipulation") filed in this District on December 3, 1993, in Castro v. Riverside County, Case No. 8:93-808-AHS-RWR. ECF No. 48 at 2. In the Stipulation, Riverside County and its Sheriff at the time, Cois Byrd, agreed to a permanent injunction not to bed "inmates on the floor in any jail facility." Id. at 6. The Stipulation also outlined the following procedures "to comply with" the permanent injunction: "The Sheriff shall release inmates or refuse to accept arrestees whenever all beds in the Riverside County Jail system are filled, or whenever any jail or any specific housing unit within the Riverside County Jail is filled, and may release inmates or refuse to accept arrestees when any jail or specific housing unit is within 10% of all its beds being filled." Id. at 6-7. Plaintiff alleges Defendant Sniff "breached compliance with" the procedures outlined in the Stipulation. Id. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-738-R (KK) | Date | March 4, 2015 |
|---|---|---|---|
| Title | LAWRENCE McMILLAN v. SHERIFF STANLEY SNIFF, et al. | | |

On January 28, 2015, the Court granted Plaintiff's request for judicial notice.[2] In granting the request, the Court invited Defendant Sniff to address the significance of the Stipulation in his Reply to Plaintiff's Opposition ("Reply"). ECF No. 49 at 1.

On February 11, 2015, Defendant Sniff filed a Reply, arguing Plaintiff "failed to plead sufficient facts showing Sniff's involvement whatsoever in the decision making process regarding Plaintiff; knew of the alleged violations and failed to act to prevent them; or promulgated or implemented" an unconstitutional policy. ECF No. 50 at 2. Defendant Sniff argues the Stipulation is "wholly irrelevant" to his Motion to Dismiss because "there is nothing in the Stipulation to show that Sheriff Sniff had any *personal involvement* in Plaintiff's alleged incident." Id. at 3 (emphasis in original). Defendant Sniff notes the Stipulation "was entered into in 1993, well before Sheriff Sniff was the sheriff." Id. Defendant Sniff also argues the Stipulation "does not, per se, prove a constitutional violation" occurred in this case. Id.

## II.
## LEGAL STANDARD

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir.

---

[2] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-738-R (KK) | Date | March 4, 2015 |
|---|---|---|---|
| Title | LAWRENCE McMILLAN v. SHERIFF STANLEY SNIFF, et al. | | |

2008) (citation and internal quotation marks omitted). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal quotation marks omitted). "[F]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr, 652 F.3d at 1216. A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

### III.
### DISCUSSION

Plaintiff alleges Defendant Sniff is liable as a supervisor of Riverside County's jails because he knew the County had a duty to provide appropriate bedding for inmates and failed to ensure custodial personnel provided such bedding. See ECF No. 38 at 8-9. Plaintiff specifically alleges Defendant Sniff "breached compliance with" the procedures outlined in the Stipulation, which were designed to ensure inmates had appropriate bedding. ECF No. 48 at 3. Defendant Sniff argues Plaintiff has pleaded "no facts" to demonstrate – and "nothing in the Stipulation" shows – "Sheriff Sniff had any *personal involvement*" in the alleged failure to provide appropriate bedding for Plaintiff. ECF No. 40 at 5; ECF No. 50 at 3 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-738-R (KK) | Date | March 4, 2015 |
|---|---|---|---|
| Title | LAWRENCE McMILLAN v. SHERIFF STANLEY SNIFF, et al. | | |

### A.  Legal Standard

"A defendant may be liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr, 652 F.3d at 1207 (citation and internal quotation marks omitted). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury." Id. (citation and internal quotation marks omitted). "The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." Id. (citation and internal quotation marks omitted).

"The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." Id. at 1207-08 (citations, alterations, and internal quotation marks omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Id. at 1208 (citation and internal quotation marks omitted).

### B.  Application

Under California law, the county sheriff "is required by statute to take charge of and keep the county jail and the prisoners in it, and is answerable for the prisoner's safekeeping." Id. (citations and internal quotation marks omitted). Thus, Defendant Sniff was answerable for Plaintiff's safekeeping while Plaintiff was confined at RPDC. Specifically, Defendant Sniff had a duty to ensure the conditions at RPDC complied with both the Eighth Amendment and the Stipulation.[3]  See Thomas v. Baca, 514 F. Supp. 2d

---

[3] Defendant Sniff argues the Stipulation "does not, per se, prove a constitutional violation" in this case.  ECF No. 50 at 3.  However, Plaintiff is not required to "prove" anything at this stage.  Defendant Sniff also argues the Stipulation is "wholly irrelevant" to this case because it "was entered into in 1993, well before Sheriff Sniff was the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-738-R (KK) | Date | March 4, 2015 |
|---|---|---|---|
| Title | LAWRENCE McMILLAN v. SHERIFF STANLEY SNIFF, et al. | | |

1201, 1217 (C.D. Cal. 2007) (noting that forcing inmates to sleep on the floor generally violates the Eighth Amendment) (collecting cases).

Construing Plaintiff's allegations liberally and affording him "the benefit of any doubt," he "plausibly suggest[s]" Defendant Sniff "breached" this duty by failing to train and supervise custodial personnel to ensure compliance with the procedures outlined in the Stipulation. Akhtar, 638 F.3d at 1212; Starr, 652 F.3d at 1207-08; see also ECF No. 48 at 3. Plaintiff's allegations also plausibly suggest Defendant Sniff's breach is the proximate cause of why Plaintiff was forced to lie on the floor at RPDC. See Starr, 652 F.3d at 1207-08. Thus, Plaintiff has established the "requisite causal connection" to state a claim against Defendant Sniff. Id.

Accordingly, it is ORDERED that Defendant's Motion is DENIED without prejudice to Defendant's ability to raise similar arguments on a motion for summary judgment.

---

sheriff." Id. The Court disagrees. First, the Stipulation's injunction is "permanent," and thus appears to enjoin not only the Sheriff at the time of the Stipulation, but also future sheriffs. Second, the injunction was stipulated to by Riverside County, Defendant Sniff's employer. For these reasons, at this stage, Plaintiff has sufficiently pleaded that Defendant Sniff knew about the Stipulation and its procedures for compliance.